Filed 3/24/22  P. v. Dickinson CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C094493 |
| Plaintiff and Respondent, | (Super. Ct. No. STK-CRF-DV-2021-0001458) |
| v. | |
| ARMAND IGNATIUS DICKINSON, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Armand Ignatius Dickinson filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  After examining the record, we find no arguable error that would result in a disposition more favorable to defendant and affirm the judgment.

FACTS AND HISTORY OF THE PROCEEDINGS

In February 2021, defendant was charged with corporal injury to a spouse, cohabitant, or parent of a child (Pen. Code, § 273.5; subd. (a); count one; all statutory section citations that follow are found in the Penal Code unless otherwise noted), assault with force likely to produce great bodily injury (§ 245, subd. (a)(1); count two), robbery (§ 211; count three), criminal threats (§ 422, subd. (a); count four), and cruelty to a child

1

by inflicting injury (§ 273a, subd. (b); count five). As to counts one, two, and three, it was further alleged that defendant personally inflicted great bodily injury during the offenses, causing the offenses to be serious felonies (§§ 12022.7, subd. (e), 1192.7, subd. (c)(8)). The court issued a criminal protective order requiring defendant not to contact and to stay away from the victim, S.B. (§ 136.2).

On March 30, 2021, defendant agreed to plead guilty to count one and to admit the great bodily injury enhancement that had been pleaded in exchange for a stipulated midterm sentence of three years. This was to be served as a violent strike. Credits would accrue at 85 percent with the sentence on the enhancement stayed for sentencing purposes. Given the agreement, the remaining charges and enhancements were to be dismissed.

The parties stipulated to the following factual basis for the plea: On February 7, 2021, defendant's former girlfriend, S.B., was carrying her infant child back to her apartment when defendant approached and hit her multiple times in the face, causing severe bleeding to her nose and mouth, and also severe swelling to her eyes and forehead area. S.B. felt dizzy and had difficulty maintaining her balance. It was later determined at a hospital that she had suffered a fracture to her nose area as a result of defendant hitting her.

During the change of plea hearing, defense counsel informed the court that she had had adequate time to discuss with defendant his constitutional rights, each of the charges, possible defenses, as well as consequences from entering a plea. She also had explained to defendant that the offense qualified as a violent strike offense, and she believed defendant understood all of the explanations. Later in the hearing, when the trial court asked defendant if he had had adequate time to discuss the matter with his attorney, defendant responded, "not really." The court then asked whether counsel wanted to take a recess to have another chance to speak with defendant about the plea, which the prosecutor indicated was only open for that day.

2

After speaking with defendant off record, defense counsel stated that defendant contested "some things" in the foregoing factual recital, but that they were still "stipulating that . . . there [was] a basis for the plea for the [section] 273.5 with the [great bodily injury] enhancement," but that "the circumstances in which it happened are not truthful." Based on counsel's assessment of the facts, however, she again reiterated that there was a factual basis for the plea. The court explained that it would not move forward with taking the plea if defendant had not had sufficient time to talk his attorney.

At defense counsel's request, the court provided defendant and counsel time to speak privately about the plea offer. Following approximately 20 minutes, defense counsel informed the court that she and defendant had had sufficient time to discuss the plea and its implications, and that defendant decided that he wanted to accept the plea. When asked again, defendant told the court that he had had adequate time to discuss the matter with his attorney, and that he understood and waived his constitutional rights by entering the plea.

Defendant pleaded guilty to count one, corporal injury to a spouse or cohabitant, and admitted a great bodily injury enhancement. The court found a factual basis for the plea and that defendant had knowingly, intelligently, and voluntarily waived his constitutional rights and entered the plea. The trial court granted the prosecutor's motion to dismiss count three for insufficient evidence, and the remainder of the charges and enhancements were dismissed in the interest of justice. Although the prosecutor requested to submit a modified criminal protective order allowing defendant to contact his children with S.B., defendant requested that the stay-away order remain in effect prior to sentencing. Defendant requested a probation report prior to sentencing.

At sentencing on May 17, 2021, defense counsel noted that the probation report recommended that the court impose sentence but suspend execution because the probation officer did not believe state prison would be effective for defendant. Despite acknowledging that the plea agreement was for a stipulated three-year prison term,

3

defendant requested that the court follow probation's recommendation. The prosecutor urged the court to sentence defendant in accordance with the plea agreement, and the trial court agreed, noting that other counts had already been dismissed under the agreement.

After the defense agreed there was no legal cause why sentence should not be pronounced, the court imposed the stipulated sentence of three years in prison for the corporal injury offense, served at 85 percent, with the great bodily injury enhancement stayed. The court specifically noted that the offense qualified as a violent strike. The court imposed a $500 domestic violence fee (§ 1203.097); a $300 restitution fine (§ 1202.4); a $300 parole revocation restitution fine, which was stayed unless parole was revoked (§ 1202.45); a $40 court operations assessment (§ 1465.8); and a $30 court facilities assessment (Gov. Code, § 70373). The court awarded defendant 99 actual days of credit plus 99 days of conduct credits for a total of 198 days of credit.

After sentencing, the matter was recalled and defendant sought to withdraw his plea. According to defense counsel, defendant, "[did] not want to go forward with the sentencing that we had already sentenced him on." Defendant wanted to hire a private attorney in order to facilitate withdrawing his plea. The court relieved defense counsel and the matter was continued to allow defendant to retain counsel. The case was continued to June 14, 2021, for a possible motion to withdraw the plea. The court reiterated that defendant had already been sentenced.

The court filed the abstract of judgment on May 25, 2021. Defendant retained new counsel who filed a motion to withdraw defendant's plea on July 14, 2021, claiming defendant's plea was not voluntarily made. Defendant timely filed a notice of appeal that same day. The court granted defendant's request for a certificate of probable cause.

The prosecutor opposed the motion to withdraw the plea, arguing it was untimely because defendant had already been sentenced. On October 12, 2021, the trial court denied defendant's motion to withdraw his plea, finding it untimely.

4

Appellate counsel subsequently filed a section 1237.2 letter with the trial court requesting that it strike the $500 domestic violence fee. In November 2021, the trial court granted defendant's request, eliminated the fee, and ordered the abstract of judgment corrected accordingly.

DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief setting forth the facts of the case and requesting that this court review the record to determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised of his right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant.

Having examined the record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.

_____

HULL, Acting P. J.

We concur:

_____

DUARTE, J.

_____

EARL, J.